UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSHUA JACOBS,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | CASE NO. 3:19-cv-05144-JRC<br><br>ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed before a United States Magistrate Judge, Dkt. 2. This matter is before the Court on plaintiff's unopposed motion for attorney's fees pursuant to 42 U.S.C. § 406(b). *See* Dkt. 23.

The Court may allow a reasonable fee for an attorney who represented a claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess of twenty-five percent of the total of past-due benefits. *See* 42 U.S.C. § 406(b)(1); *Grisbrecht v. Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first to such agreement and will conduct an independent review to assure the reasonableness of the fee

requested, taking into consideration the character of the representation and results achieved. *See Grisbrecht*, 535 U.S. at 807–08. Although the fee agreement is the primary means for determining the fee, the Court will adjust the fee downward if substandard representation was provided, if the attorney caused excessive delay, or if a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Grisbrecht*, 535 U.S. at 808).

Here, the representation was standard, at least, and the results achieved excellent. *See* Dkt. 23-2; *Grisbrecht*, 535 U.S. at 808. Following remand from this Court for further consideration (Dkt. 17), plaintiff was awarded benefits. Dkt. 23-2. There has not been excessive delay and no windfall will result from the requested fee.

Plaintiff's total back payment was $82,225.00 (*see* Dkt. 23-2). Plaintiff's gross attorney's fee of $20,556.25 is twenty-five percent of the back benefits. However, plaintiff's attorney already received an EAJA award in the amount of $8,190.43. *See* Dkt. 22. Therefore, plaintiff has moved for a net attorney's fee of $12,365.82. *See* Dkt. 23.

Based on plaintiff's unopposed motion and supporting documents (*see* Dkts. 23–24), it is hereby ORDERED that attorney's fees in the amount of $12,365.82 be awarded to plaintiff's attorney pursuant to 42 U.S.C. § 406(b). The Social Security Administration is directed to send payment of the 406(b) fees to plaintiff's attorney,

Dated this 29th day of November, 2021.

_____
J. Richard Creatura
Chief United States Magistrate Judge

ORDER GRANTING UNOPPOSED MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 2